IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Senior Judge Walker D. Miller

Civil Action No. 08-cv-02148-WDM-KLM

EDNA MULHOLLAND and
ROBERT MULHOLLAND,

    Plaintiffs,

v.

SUBARU OF AMERICA, INC.,
EMICH SUBARU WEST, LLC d/b/a JOHN ELWAY SUBARU WEST, and
HEUBERGER MOTORS, INC. d/b/a HEUBERGER SUBARU, INC.

    Defendants.

## ORDER ON MOTION TO DISMISS

Miller, J.

This matter is before me on Defendant Subaru of America, Inc.'s ("SOA") Motion to Dismiss for Lack of Subject Matter Jurisdiction (Docket No. 8).  After a review of the pleadings and the parties' written arguments, I conclude oral argument is not required.  For the reasons that follow, the motion shall be granted.

### Background[1]

This case arises out of personal injuries Plaintiff Edna Mulholland suffered when she was injured by a 2003 Subaru Outback Sport (the "vehicle" or the "Subaru") on June 19, 2004 in El Paso County, Colorado.  According to the complaint, Mrs. Mulholland parked the Subaru in a parking lot of a 7-11 Convenience Store in Colorado

---

[1] All relevant facts are taken from the Complaint or Plaintiff's Response to the Motion to Dismiss.

PDF Final

Springs, Colorado and placed the transmission in park. As she was exiting the vehicle, however, the Subaru rolled backwards with the driver's side door open. Mrs. Mulholland was struck by the vehicle and suffered serious injuries. Mrs. Mulholland and her husband, Robert Mulholland, filed this action on October 3, 2008 alleging strict liability, negligence, breach of warranty, violations of the Colorado Consumer Protection Act ("CCPA"), and loss of consortium. SOA responded by filing the instant motion to dismiss based on lack of subject matter jurisdiction.

## Standard of Review

A plaintiff who sues in federal court has the burden of establishing federal jurisdiction to hear the claim. *See Marcus v. Dep't of Revenue*, 170 F.3d 1305, 1309 (10th Cir. 1999) ("Because the jurisdiction of federal courts is limited, 'there is a presumption against our jurisdiction, and the party invoking federal jurisdiction bears the burden of proof.'" (quoting *Penteco Corp. v. Union Gas Sys., Inc.*, 929 F.2d 1519, 1521 (10th Cir. 1991))). Motions to dismiss for lack of subject matter jurisdiction pursuant to Rule 12(b)(1) can be in one of two forms. *Maestas v. Lujan*, 351 F.3d 1001, 1013 (10th Cir. 2003) (citing *Stuart v. Colo. Interstate Gas Co.*, 271 F.3d 1221, 1225 (10th Cir. 2001)). First, the moving party may "facially attack the complaint's allegations as to the existence of subject matter jurisdiction." *Id.* "In reviewing a facial attack on the complaint, a district court must accept the allegations in the complaint as true." *Holt v. United States*, 46 F.3d 1000, 1002 (10th Cir. 1995) (citing *Ohio Nat'l Life Ins. Co. v. United States*, 922 F.2d 320, 325 (6th Cir. 1990)). Second, the moving party may "go beyond allegations contained in the complaint by presenting evidence to challenge the factual basis upon which subject matter jurisdiction rests." *Maestas*, 351 F.3d at 1013

(citing *Stuart*, 271 F.3d at 1225).  In this case, SOA's motion makes a facial attack on the complaint; therefore, I must accept the allegations in the complaint as true.

## Discussion

SOA argues that all of the allegations made in the complaint are based on state law and, therefore, there is no federal issue on which to base jurisdiction.[2]  SOA argues that the only reference to federal law in the complaint is to the Federal Motor Vehicle Safety Act ("FMVSA"), 49 U.S.C. § 30101, *eq seq.*, which cannot provide a basis for federal question jurisdiction because it does not include a private right of action. Plaintiffs respond that although they do not bring claims based on the FMVSA, the determination of their CCPA claim turns on FMVSA issues and, therefore, there is federal jurisdiction over this case because the case presents a matter of substantial federal interest, requires the application of federal law, and is a matter of first impression.  (Pls.' Resp. ¶ 7.)  SOA replies that the FMVSA issues are neither substantial nor essential and, therefore, do not confer jurisdiction on this Court.  In a supplemental filing, SOA claims that the fact that Plaintiffs filed an essentially identical action in state court thirteen days after they filed the current action demonstrates that the federal issues are not essential to Plaintiffs' claims.  Plaintiffs contend that they filed the state court action in an abundance of caution to preserve their rights in state court

---

[2] The complaint clearly states that Plaintiffs base jurisdiction on 28 U.S.C. § 1331, federal question jurisdiction, and not on 28 U.S.C. § 1332, diversity jurisdiction. Indeed, there is no diversity jurisdiction because there is not complete diversity of parties as Plaintiff and Defendant Heuberger Motors, Inc. are both citizens of Colorado. *See Wis. Dep't of Corr. v. Schacht*, 524 U.S. 381, 388 (1998) ("A case falls within the federal district court's 'original' diversity 'jurisdiction' only if diversity of citizenship among the parties is complete, *i.e.*, only if there is no plaintiff and no defendant who are citizens of the same State.")

should this case be dismissed for lack of jurisdiction.  They further argue that concurrent jurisdiction does not deprive this Court of subject matter jurisdiction.  After reviewing the parties' arguments and the relevant case law, I conclude that I do not have subject matter jurisdiction over this case.

"'Federal courts are courts of limited jurisdiction; they must have a statutory basis for their jurisdiction.'" *Nicodemus v. Union Pac. Corp.*, 318 F.3d 1231, 1235 (10th Cir. 2003) (quoting *Morris v. City of Hobart*, 39 F.3d 1105, 1111 (10th Cir. 1994)).  Pursuant to 28 U.S.C. § 1331, federal district courts have "original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States."  "This provision for federal-question jurisdiction is invoked by and large by plaintiffs pleading a cause of action created by federal law (*e.g.*, claims under 42 U.S.C. § 1983)."  *Grable & Sons Metal Prods., Inc. v. Darue Eng'g & Mfg.*, 545 U.S. 308, 312 (2005).  There is, however, another form of "arising under" jurisdiction—"in certain cases federal-question jurisdiction will lie over state-law claims that implicate significant federal issues."  *Id.* (citations omitted); *accord Merrell Dow Parms. Inc. v. Thompson*, 478 U.S. 804, 808 (1986) ("We have, however, also noted that a case may arise under federal law 'where the vindication of a right under state law necessarily turned on some construction of federal law.'" (quoting *Franchise Tax Board v. Constr. Laborers Vacation Trust*, 463 U.S. 1, 9 (1986))).  Therefore, a "case arises under federal law if its well-pleaded complaint establishes either that federal law creates the cause of action or that the plaintiffs' right to relief necessarily depends on resolution of a substantial question of federal law."  *Nicodemus*, 318 F.3d at 1235 (internal quotation omitted) (quoting *Morris*, 39 F.3d at 1111).

However, "the mere presence of a federal issue in a state cause of action does not automatically confer federal-question jurisdiction." *Merrell Dow*, 478 U.S. at 813. The relevant question is "does a state-law claim necessarily raise a stated federal issue, actually disputed and substantial, which a federal forum may entertain without disturbing any congressionally approved balance of federal and state judicial responsibilities." *Grable & Sons*, 545 U.S. at 314. "[I]n considering the substantiality of the federal interest, [courts] 'focus on whether Congress evidenced an intent to provide a federal forum.'" *Nicodemus*, 318 F.3d at 1237 (quoting *Morris*, 39 F.3d at 1111). "To determine whether Congress intended to provide a federal forum, the surest indicator is whether the federal statute under consideration created a private right of action." *Id.* (citing *Rice v. Office of Servicemembers' Group Life Ins.*, 260 F.3d 1240, 1246 (10th Cir. 2001)). However, "the absence of a federal private right of action [is] evidence relevant to, but not dispositive of, the 'sensitive judgments about congressional intent' that § 1331 requires." *Grable & Sons*, 545 U.S. at 318 (quoting *Merrell Dow*, 478 U.S. at 810). Indeed, the Supreme Court has explained that the absence of a federal cause of action is treated "not as a missing federal door key, always required, but as a missing welcome mat." *Id.* Furthermore, courts are "hesita[nt] to exercise jurisdiction where the 'cause of action is a subject traditionally regulated to state law.'" *Nicodemus*, 318 F.3d at 1239.

In this case, Plaintiffs argue that the inclusion in the complaint of the allegation that Defendants violated 49 U.S.C. §§ 30117, 30116(b), 30112, and 30115 is sufficient to confer federal question jurisdiction because their CCPA claim rests on these violations. I disagree. First, I note that the FMVSA does not include a private right of action. *See* 49 U.S.C. § 30101, *eq seq.* Although the absence of a federal cause of

action is not dispositive of the jurisdictional issue, this case does not present any further federal issues that would necessitate a federal forum. *See Grable & Sons*, 545 U.S. at 318. Indeed, the determination of the alleged violations of the FMVSA are "but one element in plaintiffs' causes of action" under Colorado products liability law, which is "insufficient to confer federal-question jurisdiction, even assuming that the federal question is likely dispositive." *See Nicodemus*, 318 F.3d at 1238 (addressing federal land grant statutes in the context of Wyoming property and tort law). Furthermore, the Supreme Court has expressly determined that "a complaint alleging a violation of a federal statue as an element of a state cause of action, when Congress has determined that there should be no private, federal cause of action for the violation, does not state a claim 'arising under the Constitution, laws or treaties of the United States.'" *Merrell Dow*, 478 U.S. at 817 (quoting 28 U.S.C. § 1331) (addressing the Federal Food Drug and Cosmetics Act in the context of a negligence claim). Therefore, there is no federal jurisdiction over this case.

The Eleventh Circuit's apparently contrary decision in *Ayres v. Gen. Motors Corp.*, 234 F.3d 514, 520 (11th Cir. 2000), does not persuade me otherwise. In *Ayres*, the issue was whether a violation of the FMVSA constituted a federal mail and wire fraud crime, which, in turn, was an element of the state-law RICO claim. *See* 234 F.3d at 519. Although the *Ayres* Court indicated that it was basing its conferral of jurisdiction on the fact that a federal issue was an element of the state RICO claim, it also noted that not "every state RICO cause of action which depends upon proving, as necessary predicate acts, a violation of the federal mail and wire fraud statutes establishes federal question jurisdiction." *Id.* Rather, the Eleventh Circuit concluded that the fact that the

case dealt with the interaction between two federal statutes made the case "one of those exceptional cases requiring that we decide 'a federal question substantial enough to confer federal question jurisdiction.'" *Id.* (quoting *City of Huntsville*, 24 F.3d 169, 174 (11th Cir. 1994)). As no such exceptional circumstance is present here, this case is subject to the general rule that the presence of a federal issue in a state cause of action is not, by itself, sufficient to confer federal jurisdiction. *See Merrell Dow*, 478 U.S. at 817.

    Accordingly, it is ordered:

1. Defendant Subaru of America, Inc.'s Motion to Dismiss for Lack of Subject Matter Jurisdiction (Docket No. 8) is granted.
2. This case is dismissed without prejudice.
3. Defendants may have their costs.

DATED at Denver, Colorado, on May 11, 2009.

                                          BY THE COURT:

                                          s/ Walker D. Miller
                                          United States Senior District Judge